**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 97-7077**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL CARPENTER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.
(CR-91-106-R)

─────────────

Submitted:  December 7, 1999          Decided:  December 29, 1999

─────────────

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Daryl Carpenter, Appellant Pro Se.  James Brien Comey, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daryl Carpenter seeks to appeal the district court's order dismissing as untimely his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). In his informal brief, he claimed that his § 2255 motion was timely filed under the reasoning of Houston v. Lack, 487 U.S. 266 (1988), because he gave his motion to prison officials for mailing on April 22, 1997, which was within the one-year limitations period applicable to his motion. This Court remanded this case to the district court for a factual finding regarding when the motion should be deemed filed under Houston v. Lack. After reviewing sworn statements by Carpenter and three other individuals, the district court found that Carpenter filed his § 2255 motion on April 22, 1997, when he gave it to prison officials for mailing.

Accordingly, we grant leave to proceed in forma pauperis, grant a certificate of appealability, vacate the district court's order dismissing the motion as untimely, and remand this case to the district court for further consideration of Carpenter's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

2